UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| VOLSAINT DOISSAINT, | ) | CASE NO. C08-0584-MJP |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| MICHAEL CHERTOFF, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

## I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Volsaint Doissaint, proceeding through counsel, has filed a Petition for Writ of Habeas Corpus pursuant 28 U.S.C. § 2241, challenging his detention without bond for more than thirty-four months by the U.S. Immigration and Customs Enforcement ("ICE"). (Dkt. 4). Petitioner requests that the Court grant his immediate release or, alternatively, a prompt bond hearing before an Immigration Judge, arguing that his continued detention violates the United States Constitution and the Immigration and Nationality Act ("INA"). Respondents have filed a Return and Motion to Dismiss, arguing that petitioner is lawfully detained pending adjudication of his Petition for Review pending before the Ninth Circuit Court of Appeals. (Dkt. 12).

Having carefully reviewed the entire record, I recommend that petitioner's habeas petition (Dkt. 4) and cross-motion for summary judgment (Dkt. 16) be GRANTED, and respondents' motion to dismiss (Dkt. 12) be DENIED.

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Haiti who was paroled into the United States at Miami, Florida, on June 11, 1992, under Section 212(d)(5) of the INA. (Dkt. 15 at R5). Petitioner applied for and was granted asylum on November 30, 1993. (Dkt. 15 at L61-64). Petitioner subsequently adjusted his status to that of lawful permanent resident as of June 1, 1995. (Dkt. 15 at L93).

On May 19, 2000, petitioner was convicted in the Circuit Court for the State of Oregon, County of Multnomah, for the offense of Assault II in violation of Oregon Revised Statute 163.175, and was sentenced to seventy months incarceration. (Dkt. 15 at L116-20).

On September 12, 2000, ICE served petitioner with a Notice to Appear, charging him with being removable under INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), for having been convicted of an aggravated felony as defined in INA § 101(a)(43)(F), relating to a crime of violence, and under INA § 237(a)(2)(E)(i), 8 U.S.C. § 1227(a)(2)(E)(i), for having been convicted of a crime of domestic violence. (Dkt. 15 at L104-05). On September 28, 2005, petitioner was released from state custody and transferred directly into ICE custody. (Dkt. 15 at R291-92, L111). Petitioner has been detained without bond since that date.

On January 17, 2006, petitioner appeared pro se for a merits hearing before an Immigration Judge ("IJ"). Following the hearing, the IJ denied petitioner's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and ordered him removed

to Haiti. (Dkt. 15 at L297-305). Petitioner, through counsel, appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), who affirmed the IJ's decision and dismissed the appeal on May 26, 2006. (Dkt. 15 at L306-310). Although petitioner had appealed the denial of his applications for cancellation of removal and for protection under the CAT, the BIA stated in a footnote that petitioner "does not appeal the denial of his application for cancellation of removal or his request for protection under the Convention Against Torture. We thus deem those issues abandoned and need not address them here." (Dkt. 15 at L293; L307, n1). Petitioner, through counsel, filed a Petition for Review of the BIA's decision with the Ninth Circuit Court of Appeals, along with a motion for stay of removal. *See Doissaint v. Mukasey*, No. 06-73218. Under Ninth Circuit General Order 6.4(c)(1)(3), this caused a temporary stay of removal to automatically issue. *Id.* While his Petition for Review was pending, petitioner also filed a motion to reopen with the BIA. (Dkt. 15 at R655-71).

On August 9, 2006, ICE served petitioner with a Notice to Alien of File Custody Review, informing him that ICE would be reviewing his custody status on or about August 24, 2006, and that he could submit any documentation he wished to be reviewed in support of his release prior to that date. (Dkt. 15 at R337-38). Despite the fact that petitioner's counsel had filed a Form G-28 Notice of Entry of Appearance, ICE failed to notify petitioner's counsel of the file custody review, and petitioner submitted no evidence in support of his release. (Dkt. 16 at 5-6).

On October 23, 2006, the BIA denied petitioner's motion to reopen. (Dkt. 15 at L311-15). Petitioner then filed a Petition for Review of the BIA's decision denying his motion to reopen with the Ninth Circuit, which the Ninth Circuit consolidated with his direct appeal. *See Doissaint v. Mukasey*, No. 06-75390. Petitioner's consolidated appeals remain pending before the Ninth

REPORT AND RECOMMENDATION
PAGE -3

Circuit, after oral argument on May 7, 2008.

By letter dated November 7, 2006, ICE Field Office Director A. Neil Clark informed petitioner that his custody review had been completed, and that ICE had determined he would remain detained pending the result of his appeal before the Ninth Circuit. (Dkt. 15 at R352-53). The letter further informed petitioner that his custody status would be reviewed again in approximately one year. *Id.* On January 4, 2007, petitioner's counsel submitted a release request to ICE at the Northwest Detention Center in Tacoma, Washington. (Dkt. 15 at R825-27). However, petitioner's counsel never received a response from ICE. (Dkt. 15 at R836).

On August 21, 2007, ICE served petitioner with a second Notice to Alien of File Custody Review, informing him that ICE would be reviewing his custody status on or about October 21, 2007, and that he could submit any documentation he wished to be reviewed in support of his release prior to that date. (Dkt. 15 at R833). Again, ICE failed to notify petitioner's counsel of the file custody review. However, petitioner's counsel learned of the custody review from petitioner, and notified ICE on August 23, 2007, that he would be submitting evidence by the October 21, 2007, deadline. (Dkt. 15 at R836). In addition, petitioner's counsel requested an in-person hearing pursuant to 8 C.F.R. § 241.4(i)(3), should petitioner not be released. *Id.* On October 19, 2007, petitioner, through counsel, submitted evidence to ICE in support of his release by overnight courier. (Dkt. 15 at R850-67).

However, ICE had conducted its custody review on October 15, 2007, prior to the date listed on the Notice issued to petitioner. (Dkt. 15 at R845). The Post Order Custody Review Worksheet indicates that petitioner did "not provide[] any documentary evidence for consideration in this review." (Dkt. 15 at R839). By letter dated October 22, 2007, ICE Field Office Director

A. Neil Clark informed petitioner that ICE had completed his custody review, and that ICE had determined that he would continue to be detained pending the result of his appeal before the Ninth Circuit. (Dkt. 15 at R847). ICE did not conduct an in-person interview with petitioner pursuant to 8 C.F.R. § 241.4(i)(3) as requested. On October 25, 2007, ICE served petitioner with a "Decision to Continue Detention." (Dkt. 15 at R868-70). The Decision states: "Two thorough reviews of your file have been conducted. It has been determined that due to the violent nature of your crimes you appear to be a danger to the community." *Id.*

On April 15, 2008, petitioner, proceeding through counsel, filed the instant habeas petition, Dkt. 4, challenging his continued detention. Respondents filed a motion to dismiss on June 2, 2008, Dkt. 12, and petitioner filed a cross-motion for summary judgment and response to motion to dismiss, Dkt. 16, on June 23, 2008. Respondents' motion to dismiss, Dkt. 12, and petitioner's cross-motion for summary judgment, Dkt. 16, are now ready for review.

### III. DISCUSSION

A.  Jurisdiction

Habeas corpus relief is appropriate when a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas corpus proceedings are available as a forum for statutory and constitutional challenges to the authority of the Attorney General to order detention of a person, which is not a matter of discretion. *See Zadvydas v. Davis*, 533 U.S. 678, 688, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001); *Nadarajah v. Gonzales*, 443 F.3d 1069, 1075 (9th Cir. 2006). The REAL ID Act of 2005, Pub. L. No. 109-13, Div. B., 119 Stat. 231, does not divest the Court of jurisdiction over habeas petitions that do not involve final orders of removal. *Nadarajah*, 443 F.3d at 1075. As petitioner is challenging

his continued detention and not an order of removal, this Court has habeas corpus jurisdiction.

B. <u>Detention</u>

Section 236 of the INA provides the framework for the arrest, detention, and release of aliens in removal proceedings. Once removal proceedings have been completed, the detention and release of aliens shifts to INA § 241. The determination of when an alien becomes subject to detention under Section 241 rather than Section 236 is governed by Section 241(a)(1). Section 241(a)(1)(B) provides:

> The <u>removal period</u> begins on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
>
> (ii) <u>If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.</u>
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B)(emphasis added). Thus, pursuant to Section 241(a)(1)(B)(ii), where a court issues a stay of removal pending its review of an administrative removal order, the alien continues to be detained under Section 236 until the court renders its decision. *See Ma v. Ashcroft,* 257 F.3d 1095, 1104 n.12 (9th Cir. 2001) (stating, "[i]f the removal order is stayed pending judicial review, the ninety day period begins running after the reviewing court's final order."); *see also Tijani v. Willis,* 430 F.3d 1241, 1242 (9th Cir. 2005) (ordering a bail hearing where the alien had been detained pending appeal for two years and eight months under INA § 236(c)); *Bromfield v. Mukasey*, No. 07-72319, slip op. (9th Cir. Dec. 26, 2007) ("[T]his is a pre-removal case, given that petitioner requested judicial review of the removal order . . . and this court granted a stay of removal in that still pending petition for review. *See* 8 U.S.C. §

REPORT AND RECOMMENDATION
PAGE -6

1231(a)(1)(B)(ii).").

Here, the Ninth Circuit has issued a stay pending its review of petitioner's administrative removal order. "Because Petitioner's removal order has been stayed by the Ninth Circuit pending its review of the BIA decision, the 'removal period' has not yet commenced, and Petitioner therefore is detained pursuant to INA § 236." *Quezada-Bucio v. Ridge*, 317 F. Supp 2d 1221, 1224 (W.D. Wash. 2006).[1]

Under BIA case law addressing general bond decisions, the BIA has stated that "an alien generally . . . should not be detained or required to post bond except on a finding that he is a threat to the national security . . . or that he is a poor bail risk." *See Matter of Patel*, 15 I&N Dec. 666 (BIA 1976). Section 236(c), however, mandates detention during removal proceedings of aliens who have been convicted of certain criminal offenses – including those convicted of an aggravated felony. Section 236(c) provides:

(c) Detention of criminal aliens

(1) Custody

The Attorney General shall take into custody any alien who —

(A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,

(B) is deportable by reason of having committed any offense covered in section

---

[1] Respondents argue that petitioner is detained under INA § 241 because he has a final order of removal in place. (Dkt. 16 at 5-7). Respondents cite several cases in support of their proposition. However, "[t]hese cases are either inapposite or offer analyses that this Court has repudiated." *Rodriguez-Carabantes*, No. C06-1517Z, 2007 WL 1268500 at 3-4 (rejecting *Glassia v. Coleman*, No. C02-1222 (W.D. Wash. February 3, 2003) (Rothstein, J.); and *De La Teja v. U.S.*, 321 F.3d 1357 (11th Cir. 2003)). The Court concludes that the removal period has not yet begun, and that petitioner is detained pursuant to INA § 236.

REPORT AND RECOMMENDATION
PAGE -7

1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,

(C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence [sic] to a term of imprisonment of at least 1 year, or

(D) is inadmissable under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title, when the alien is released . . .

INA § 236(c)(1), 8 U.S.C. § 1226(c)(1) (emphasis added). In this case, the IJ sustained the charge of removability against petitioner under INA § 237(a)(2)(A)(iii), based on his conviction of an aggravated felony. Thus, petitioner falls within the group of aliens described in INA § 236(c)(1)(B), for whom detention is mandatory.

Petitioner argues that his mandatory, indefinite detention for more than thirty-four months is unlawful and contravenes INA § 236(c) as interpreted by the Supreme Court in *Zadvydas v. Davis,* 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001), and by the Ninth Circuit in *Tijani v. Willis*, 430 F.3d 1241 (9th Cir. 2005), and *Nadarajah*, 443 F.3d at 1069. (Dkt. 16 at 5-8). In addition, petitioner argues that ICE violated its own custody review regulations by failing to send notice to petitioner's counsel of either ICE's 2006 or 2007 custody reviews, failing to consider evidence timely submitted by petitioner, and failing to provide an in-person custody review hearing under 8 C.F.R. § 241.4(i)(3)(i), (ii). (Dkt. 16 at 18-19). The Court agrees with petitioner that his prolonged detention is unreasonable and no longer authorized by statute. In addition, the Court agrees that petitioner's procedural due process rights have been violated by ICE's failure to comply with its own custody review regulations.

In *Demore v. Kim*, 538 U.S. 510, 512, 123 S. Ct. 1708, 155 L. Ed. 2d 724 (2003), the Supreme Court first considered a challenge to the no-bail provision of INA § 236(c). The Supreme Court held that "Congress, justifiably concerned that deportable criminal aliens who are

not detained continue to engage in crime and fail to appear for their removal hearings in large numbers, may require that persons . . . be detained for the brief period necessary for their removal proceedings." *Id.* at 513. The Supreme Court found though "[i]t is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings," it recognized "detention during deportation proceedings as a constitutionally valid aspect of the deportation process." *Id.* at 523.

The Supreme Court also distinguished between pre-removal order detention (under INA § 236(c)) and post-removal order detention (under INA § 241), discussed in *Zadvydas*. The Supreme Court found pre-removal order detention materially different from post-removal order detention, noting that "[w]hile the period of detention at issue in *Zadvydas* was 'indefinite' and 'potentially permanent,' . . . the detention here is of a much shorter duration." *Id.* at 528. "Under § 1226(c), not only does detention have a definite termination point, in the majority of cases it lasts for less than the 90 days we considered presumptively valid in *Zadvydas*." *Id.* at 529. The Supreme Court concluded that a brief detention under INA § 236(c) to complete removal proceedings does not violate due process. *Kim*, 538 U.S. at 531. The Supreme Court did not consider, however, whether an extended period of detention under INA § 236(c) would violate due process.

In *Tijani*, the petitioner, detained pursuant to INA § 236(c), sought by habeas proceedings to compel a bond hearing. *Tijani*, 430 F.3d at 1242. At the time of the Ninth Circuit's decision, Tijani had been detained for over two years and eight months pending removal proceedings. *Tijani*, 430 F.3d at 1246 (Tashima, J., concurring) (noting that Tijani's detention during his administrative proceedings lasted twenty months, with one year of continued detention during

judicial appeal).

In a brief (three paragraph) opinion, the Ninth Circuit stated that "it is constitutionally doubtful that Congress may authorize imprisonment of this duration for lawfully admitted resident aliens who are subject to removal." *Tijani*, 430 F.3d at 1242. Nevertheless, to avoid deciding the constitutional issue, the court construed § 236(c) as applying only in "expedited" removal proceedings. *Id.* The Ninth Circuit concluded that "[t]wo years and eight months of process is not expeditious," and ordered an Immigration Judge to release the petitioner "unless the government establishes that he is a flight risk or will be a danger to the community." *Id.* In a concurring opinion, Judge Tashima concluded that Tijani was entitled to be released from detention pending the completion of his removal proceedings because the sheer length of his detention "violates the Constitution now." *See id.* at 1249 (Tashima, J., concurring) (citing *Zadvydas*, 533 U.S. at 690; *Demore v. Kim*, 538 U.S. 510, 527, 123 S. Ct. 1708, 155 L. Ed. 2d 724 (2003).

Applying the law to the facts of this case, the Court concludes that a writ of habeas corpus should issue because the length of petitioner's detention – more than thirty-four months – is unreasonable and no longer authorized by the statute. Petitioner's prolonged detention pending removal proceedings has exceeded the period of detention envisioned by the Supreme Court in *Demore* and the Ninth Circuit in *Tijani*, and petitioner is entitled to a bond hearing before an Immigration Judge.[2]

---

[2] Petitioner also argues that he is entitled to release under the Ninth Circuit's decision in *Nadarajah*. In *Nadarajah*, the Ninth Circuit addressed the legality of prolonged detention under the general immigration detention statutes, INA § 235(b)(1)(B)(ii) and INA § 235(b)(2)(A). *Nadarajah*, 443 F.3d at 1069. In that case, the Immigration Judge had already granted the

REPORT AND RECOMMENDATION
PAGE -10

The government attempts to distinguish *Tijani*, arguing that petitioner's removal proceedings were expeditious and completed within the first ten months of his confinement. (Dkt. 12 at 11). The government also contends that it has done nothing to delay or prolong the removal process.

The Court disagrees with respondents. Petitioner's removal proceedings lasted more than three times the ninety-day norm discussed by the Supreme Court in *Demore*. Moreover, petitioner's detention for more than thirty-four months has already lasted longer than Tijani's twenty-two month detention, and proceedings before the Ninth Circuit are expected to take another year. Thirty-four months of process is not expeditious. *See Tijani*, 430 F.3d at 1242 (holding that INA § 236(c) applies only in expedited removal proceedings). While continued detention may be justified where a petitioner's extended detention is caused by dilatory tactics, here respondents have set forth no argument that petitioner's appeals have been frivolous. "Petitioner should not be effectively punished by pursuing applicable legal remedies." *Lawson v.*

---

petitioner deferral of removal under the CAT (which was unchallenged), and asylum (which had been affirmed by the BIA). Thus, there was no evidence in the record that Nadarajah could be removed from the United States. Despite having prevailed on his application for relief at every administrative level, Nadarajah had been detained for five years pending a determination of removability. Relying on the Supreme Court's analysis in *Zadvydas*, the Ninth Circuit observed that "the general immigration detention statutes do not authorize the Attorney General to incarcerate detainees for an indefinite period." *Id.* at 1078 (*citing Zadvydas*, 533 U.S. at 678). The Ninth Circuit held that detention must be "for a reasonable period, and only if there is a significant likelihood of removal in the reasonably foreseeable future." *Id.* at 1079. The Court concluded that the petitioner should be released because he had "established that there is no significant likelihood of removal," and because detention of nearly five years is "plainly unreasonable under any measure." *Id.* at 1080.

In the present case, by contrast, the IJ found petitioner removable and ineligible for relief from removal, and the BIA affirmed that decision. Furthermore, unlike *Nadarajah*, the government has done nothing to delay or prolong the removal process. Accordingly, *Nadarajah* does not support petitioner's claim for release.

REPORT AND RECOMMENDATION
PAGE -11

*Gerlinski*, 332 F. Supp. 2d 735, 746 (M.D. Pa. 2004).

The government also asserts that petitioner was afforded due process during both of his custody reviews, stating that "[o]n both occasions he had the opportunity to present evidence in support of his release, which was reviewed and ultimately rejected." (Dkt. 17 at 4 n.1). Contrary to the government's assertions, petitioner did not receive adequate due process during either of his custody reviews conducted by ICE in 2006 and 2007. As indicated above, ICE failed to comply with its own regulations by failing to notify petitioner's counsel of either ICE's 2006 or 2007 custody reviews, failing to consider evidence timely submitted by petitioner, and failing to provide petitioner with an in-person hearing.

Prior to a File Custody Review, the local District Director must provide written notice to the detainee, so that the alien may submit information in support of his release. *See* 8 C.F.R. § 241.4(h)(1-2). By regulation, counsel must be served with any notice served on a detainee. *See* 8 C.F.R. §§ 292.5, 241.4(d)(3), (h)(1), (2). Here, despite the fact that petitioner's counsel submitted a G-28 notice of appearance, no notice of either the 2006 or 2007 custody review was served on petitioner's counsel.

However, petitioner's counsel learned of the 2007 custody review from petitioner, and notified ICE on August 23, 2007, that he would be submitting evidence by the October 21, 2007, deadline. (Dkt. 15 at R836). In addition, petitioner's counsel requested an in-person hearing pursuant to 8 C.F.R. § 241.4(i)(3), should petitioner not be released. *Id.* On October 19, 2007, petitioner, through counsel, submitted evidence to ICE in support of his release by overnight courier. (Dkt. 15 at R850-67).

However, ICE had conducted its custody review on October 15, 2007, prior to the date

listed on the Notice issued to petitioner. (Dkt. 15 at R845). The Post Order Custody Review Worksheet indicates that petitioner did "not provide[] any documentary evidence for consideration in this review." (Dkt. 15 at R839). By letter dated October 22, 2007, ICE Field Office Director A. Neil Clark informed petitioner that ICE had completed his custody review, and that ICE had determined that he would continue to be detained pending the result of his appeal before the Ninth Circuit. (Dkt. 15 at R847). ICE did not conduct an in-person interview with petitioner pursuant to 8 C.F.R. § 241.4(i)(3) as requested.

The regulations provide that, if after an initial review, a detainee is not recommended for release, a "Review Panel shall personally interview the detainee . . . who may be accompanied during the interview by a person of his or her choice." 8 C.F.R. § 241.4(i)(3)(i), (ii). Pursuant to these regulations, petitioner's counsel requested an in person hearing should petitioner not be released. (Dkt. 15 at R836). Although petitioner was denied released and petitioner's counsel had requested an in-person hearing, ICE failed to provide an in-person hearing.

"The Fifth Amendment's Due Process Clause forbids the Government to 'depriv[e]' any 'person . . . of liberty . . . without due process of law.'" *Zadvydas v. Davis*, 533 U.S. 678, 690, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001). It is well established that "the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Id.* at 693. Here, however, the record indicates that ICE failed to adhere to its custody review procedures by making a decision regarding petitioner's custody status without notifying petitioner's counsel or reviewing documentation submitted by petitioner in support of his release. The Court finds that such review does not comport with due process, as it was not implemented in a procedurally fair manner. ICE cannot constitutionally

REPORT AND RECOMMENDATION
PAGE -13

continue to detain petitioner without complying with the procedures laid out in the regulations. Because petitioner has not received proper review of his eligibility for release on bond, the Court finds that he is entitled to a bond hearing before an Immigration Judge.[3]

## IV. CONCLUSION

For the foregoing reasons, I recommend that petitioner's habeas petition and cross-motion for summary judgment be granted, and that respondents' motion to dismiss be denied. A proposed Order accompanies this Report and Recommendation.

DATED this 25th day of July, 2008.

Mary Alice Theiler
United States Magistrate Judge

---

[3] Respondents argue that the Immigration Court lacks jurisdiction to conduct a bond hearing. (Dkt. 17 at 3). This Court has previously stated that "a court may order the Immigration Court to hold a bond hearing if the court determines that such a hearing is statutorily or constitutionally required. *Morisath v. Smith*, 988 F. Supp. 1333, 1340-41 (W.D. Wash. 1997)." *Felix v. Wilson*, Case No. C02-2330L, Dkt. 34 at 2 (W.D. Wash. 2003). Moreover, this argument has been repudiated by the Ninth Circuit. *See Bromfield v. Mukasey*, No. 07-72319 (9th Cir. Dec. 26, 2007) (holding that the IJ had jurisdiction to enter a bond decision and the BIA had jurisdiction over the appeal of that bond decision because this was a pre-removal case given that petitioner requested judicial review of the removal order and the Ninth Circuit had granted a stay).